UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HUNT,

    Plaintiff,

v.

D. JONES,
WAYNE CO. JAIL,

    Defendants.

Case No. 17-13016
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Kenneth Hunt filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Hunt asserts that, after a fellow jail inmate spat on him near the dining area in the Wayne County Jail, he asked Officer Jones for a new uniform, medical attention, and that the affected area be cleaned and sanitized. But Officer Jones did not follow up to ensure that Hunt's requests were met. Hunt also asserts that the inmate who spat on him has since verbally threatened him and the jail has failed to address Hunt's safety concerns.

Having reviewed the complaint, the Court concludes that it must be summarily dismissed for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915(a)(1). (R. 3.) Under the Prison Litigation Reform Act (PLRA), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

The failure-to-state-a-claim standard found in §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) is governed by the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). And although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). And while it is not entirely clear whether Hunt is a pretrial detainee or convicted prisoner (under "prisoner status," Hunt wrote, "Prisoner waiting to go to" on the "other" line (R. 1, PID 5)), his status ultimately will not change the legal analysis.[1] Indeed,

---

[1] Pretrial detainees have a right to treatment for serious medical needs under the Fourteenth—not the Eighth—Amendment. *See Baynes v. Cleland*, 799 F.3d 600, 618 (6th Cir. 2015). But until fairly recently, it was settled that in deciding whether a pretrial detainee's right to medical treatment was infringed, courts were to apply the standard that governs analogous Eighth Amendment claims brought by convicted prisoners. *See Richmond v. Huq*, 885 F. 3d 928 (6th Cir. Mar. 22, 2018). That Eighth Amendment standard is comprised of both an objective component and a subjective component. *Baynes*, 799 F.3d at 618. But in 2015, the Supreme Court held that where a pretrial detainee brings an excessive-force claim, the detainee need only make an objective showing. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015) ("pretrial detainees (unlike convicted prisoners) cannot be punished at all"). Although the Sixth Circuit "has not yet considered whether *Kingsley* similarly abrogates the subjective intent requirement of a Fourteenth Amendment" inadequate-medical-care claim, in a recent, published opinion it "recognize[d]" that *Kingsley* "calls into serious doubt whether [a plaintiff] need even show that the individual defendant-officials were subjectively aware of her serious medical conditions and nonetheless wantonly disregarded them." *Huq*, 885 F.3d at 938 n.3; *see also Johnson v. Clafton*, 136 F. Supp. 3d 838, 843–44 (E.D. Mich. 2015) (discussing potential effect of *Kingsley*).

In this case, the Court proceeds under the presumption that *Kingsley* only changed the standard for excessive-force claims. *See e.g.*, *Huq*, 885 F.3d at 937–38; *Baynes*, 799 F.3d at 617–18.

"[the Sixth Circuit] has made clear that, under the Fourteenth Amendment, pretrial detainees are 'entitled to the same Eighth Amendment rights as other inmates.'" *See Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016), *cert. dismissed*, 138 S. Ct. 34, 198 L. Ed. 2d 761 (2017)) (citing *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994)). "Thus, Supreme Court precedents governing prisoners' Eighth Amendment rights also govern the Fourteenth Amendment rights of pretrial detainees." *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).

## II.

### A.

Hunt names the Wayne County Jail as a defendant in this action. (R. 1, PID 1, 3.) But a county jail is "not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *see also Gonzales v. Ingham County Jail*, No. 15-13735, 2015 U.S. Dist. LEXIS 176793, *2 (E.D. Mich. Nov. 9, 2015) (finding "Plaintiff's allegations are frivolous and fail to state a plausible claim for relief because jails are not legal entities susceptible to suit."). Hunt's claims against the county jail must therefore be dismissed.

Because a jail is a department of the county, the county is the appropriate party to address Plaintiff's claims. *Watson*, 40 F. App'x at 89. But to prevail against the County, Hunt must show that his "injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). And Hunt has made no such allegations.

### B.

#### 1.

The Court moves on to Hunt's claim that Officer Jones did not properly respond to Hunt's request for medical care after a fellow jail inmate spat on him. (R. 1, PID 7.) While Officer Jones

3

said he would inform a sergeant about the request, nothing was ever done. (*Id.*) These allegations fall short of making out a legal claim.

Although Hunt does not state the legal basis for his claim, the Court finds that this claim can be best characterized as one for denial-of-medical-care. The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To demonstrate a violation based on medical mistreatment, a prisoner must satisfy both objective and subjective components. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). "The objective component requires the existence of a 'sufficiently serious' medical need." *Blackmore*, 390 F.3d at 895. "The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care." *Id.* (citation and internal quotation marks omitted).

The Court need only address the objective component because Hunt has failed to plead facts that could demonstrate a sufficiently serious medical need. "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (internal quotations omitted). Hunt alleges that he was spat on, and that Officer Jones inadequately responded to this by failing to ensure that Hunt received medical care. (*See* R. 1.) But Hunt does not allege that he was injured by this action, or that he was concerned about contracting a communicable disease because he was spat on. Instead, in the "injury" portion of the *pro se* complaint form, Hunt wrote: "I asked for medical attention but like I stated nothing got done." (R. 1, PID 8.) He also asked for a clean uniform, suggesting the other inmate spat on his clothes. (R.1, PID 7.) The factual allegations are simply insufficient to show a

condition that a lay person would recognize needed medical attention. Hunt therefore fails to state a claim based on Officer Jones' failure to obtain medical care after Hunt was spat on.

**2.**

Although unclear, Hunt may be attempting to raise a claim against Officer Jones for failing to protect him from the spitting incident.

"To raise a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). For the second component, "the plaintiff must allege facts which, if true, would show that the official being sued perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Based on the facts alleged, Hunt has failed to make out a claim that Officer Jones was deliberately indifferent to a substantial risk of serious harm. Hunt only alleges that, just before the spitting incident, the inmate told Officer Jones that he wanted to "lit [Hunt's] ass." (R. 1, PID 7.) Officer Jones responded by telling the inmate to "shut up" and "you ain't going to do nothing but get your ass choked out again like the last time." (*Id.*) Officer Jones then let the inmate out to give him dinner, at which time the inmate stepped over to Hunt and spat on him. (*Id.*) Especially based on Jones' alleged response to the inmate, Hunt has failed to plead that Jones interpreted the inmate's statement that he would "lit" Hunt as evidence of a likely attack (or other serious harm). Without that, Hunt cannot make out a plausible claim against Officer Jones for failing to protect him against being spat on. *See Comstock*, 271 F.3d at 703.

5

**3.**

Hunt also arguably raises a concern about sanitation because of the saliva near the dining area and because he was denied a clean uniform after being spat on. (R. 1, PID 7–8.) Such a claim is also not viable.

"Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration.")). In *Lamb*, the Sixth Circuit affirmed the lower court's dismissal of plaintiff's claim based on having his cell flooded with water from a backed-up toilet for four hours as the conditions did not "fall below 'the minimal civilized measure of life's necessities as measured by a contemporary standard of decency.'" *Id*. (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)).

Here, Hunt claims that the inmate spit in or near the dining area. (R. 2, PID 7.) Hunt does not allege where the saliva was in relation to the dining area, or how long it remained here. The saliva could have been on the floor, for example. Further, Hunt does not claim how dirty his uniform was after being spit on, whether he had any opportunity to clean it, or how long he had to wear that uniform before receiving another one. Standing alone, then, these allegations fall short of establishing conditions that fall below "minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Id*. Hunt therefore fails to state a claim based on the failure to clean up the saliva and the failure to receive a clean uniform.

## C.

Lastly, Hunt claims that the jail failed to address threats made to Hunt by the inmate who spat on him. (R. 1, PID 5, 15.) This also does not state a claim upon which relief may be granted.

As stated above, Hunt has no viable claim against "the jail" and he does not allege any improper County policy or procedure. The only identified jail official is Jones.

"Prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir.1998) (citing *Farmer*, 511 U.S. at 847). And, as stated above, in order to make out a failure-to-protect claim, Hunt must allege facts that "would show that the official being sued perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703.

Here, Hunt alleges only that an inmate threatened him and his family. (R. 1, PID 15.) He does not, however, state who he told about these threats. Nor does he allege that Officer Jones knew about any threats. Without that allegation, it is not plausible that Jones was aware of any specific threats, and therefore it is not plausible that Jones disregarded the knowledge of that risk. Hunt has failed to state a claim based on the alleged failure to protect him against alleged threats.

## III.

Based upon the foregoing discussion, the Court concludes that Hunt fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings. Accordingly, the Court

DISMISSES his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

SO ORDERED.

Dated: April 18, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2018.

s/Keisha Jackson
Case Manager